UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIHRETU BULTI DASISA,

    Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION,

    Defendant.

No. 1:13-cv-1253 (RCL)

## MEMORANDUM OPINION

Pro se plaintiff Mihretu Bulti Dasisa ("Dasisa") seeks return of $4,150.00 allegedly wrongfully offset by the defendant United States Department of Education ("Department"). Dasisa filed a civil action in the Superior Court of the District of Columbia and the Department removed the case to this Court. The Department now seeks dismissal of plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Department argues that this Court lacks subject matter jurisdiction over the claim because Dasisa failed to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. For the following reasons, the Department's Motion is granted and Dasisa's Complaint is dismissed with prejudice.

I.    BACKGROUND

On July 26, 2013, Dasisa filed a Complaint against the Department with the Superior Court of the District of Columbia. The Complaint alleged that Dasisa's Federal Tax Refund was offset in the amount of $4,150.00 in violation of the Educational Title IV Act. There is no indication in the Complaint that Dasisa made an administrative claim for damages against the

Department.[1] Department Claims Officer Tracey Sasser located no record of an FTCA claim against the Department by Dasisa. Decl. of Tracey Sasser, ECF No. 12.

On August 15, 2013, the Department removed the case to this Court because defendant is a Federal agency. Notice of Removal, ECF No. 1. The Department moved to dismiss the Complaint for lack of subject matter jurisdiction on October 31, 2013. Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 10. On November 18, 2013, Dasisa filed an Opposition to the Motion to Dismiss. Response to Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 14. The Department filed a Reply to Dasisa's Opposition on November 26, 2013. Reply to Response to Def.'s Mot. to Dismiss Pl's Compl., ECF No. 16.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. When a party files a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the plaintiff[] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Carney Hosp. Transitional Care Unit v. Leavitt*, 549 F. Supp. 2d 93, 95 (D.D.C. 2008) (quoting *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004)). A court considering a motion to dismiss for lack of jurisdiction "must [] accept the factual allegations in [the] complaint as true." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). In assessing a motion to dismiss under Rule 12(b)(1), a court may consider any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

---

[1] Dasisa attached a completed "Loan Discharge Application: Unpaid Refund," dated July 5, 2010, to the Opposition to the Department's Motion to Dismiss. The application allows a student to seek a tuition refund if the student withdrew during a refund period. The application, however, is not sufficient to state an administrative claim against the Department under the FTCA. *See* 34 C.F.R. § 35.2 (2014).

## III. DISCUSSION

Sovereign immunity shields the United States government and its agencies from suit and is "jurisdictional in nature." *Am. Road & Transp. Builders Ass'n v. EPA,* 865 F. Supp. 2d 72, 79 (D.D.C. 2012) (quoting *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)). As an entity of the United States government, the Department of Education may not be sued except to the extent that Congress has expressly waived the United States's sovereign immunity from suit. *Lane v. Pena,* 518 U.S. 187, 192 (1996). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Id.*

The FTCA includes an explicit waiver of sovereign immunity for tort claims provided that certain conditions are met. 28 U.S.C. § 2674 (2012). A claimant is required first to present "the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675. A claim shall be deemed presented to the Department of Education when the Department of Education Claims Officer receives written notification of an incident accompanied by a claim for money damages. 34 C.F.R. § 35.2 (2014).

Dasisa has not exhausted the preliminary administrative remedies necessary to bring a claim against the Department. Tracey Sasser currently serves as the Department Claims Officer. Decl. of Tracey Sasser, ECF No. 12. Ms. Sasser is responsible for investigating claims filed against the Department under the FTCA and is custodian of the Department's records relating to FTCA claims. *Id.* ¶ 2. The Department does not possess records of an administrative claim filed by Dasisa, and the Complaint does not provide any indication that such a filing was made.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Plaintiff's Complaint is granted. A separate Order accompanies this Memorandum Opinion.

Signed by Royce C. Lamberth, United States District Judge, on August 15, 2014.